# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV KAKKAR,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>    Respondents. | Case No. 1:25-cv-01627-JLT-SAB-HC<br><br>ORDER REQUIRING CHRISTINE RAYMOND TO SHOW CAUSE WHY PRO HAC VICE APPLICATION SHOULD NOT BE DENIED<br><br>(ECF No. 9) |

The Court has read and considered the application of Christine Raymond, attorney for Petitioner, for admission to practice *pro hac vice* under the provisions of Rule 180(b)(2) of the Local Rules of Practice of the United States District Court for this District ("Local Rules" or "L.R."). (ECF No. 9.)

Local Rule 180 provides in pertinent part:

> **Attorneys Pro Hac Vice.** An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case. Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

L.R. 180(b)(2).

The Supreme Court has described *pro hac vice* attorneys as one time or occasional practitioners. Frazier v. Heebe, 482 U.S. 641, 647 (1987). The right to appear *pro hac vice* is not absolute and a court may deny the application by setting forth reasons for the denial. United States v. Ries, 100 F.3d 1469, 1471–72 (9th Cir. 1996). In addressing whether an attorney has been regularly practicing in California, the Ninth Circuit considered whether the attorney physically appeared before the district court, signed pleadings, and had contact with the plaintiffs, whether an attorney licensed in California remained the sole attorney responsible to the plaintiff, and whether the attorney rendered legal advice to the client. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 825 (9th Cir. 2009).

Ms. Raymond lists four other cases in which she has made an application to be admitted to practice *pro hac vice* in this District in the past year: Phong Phan v. Becerra, No. 2:25-cv-01757-DC-JDP (application granted June 26, 2025); Quoc Hoac v. Becerra, 2:25-cv-01740-DC-JDP (application granted June 26, 2025); Yang v. Kaiser, 2:25-cv-02205-DAD-AC (application granted August 8, 2025); Zheng v. Albarran, 1:25-cv-01685-DJC-CKD (application granted December 2, 2025). The application states that Ms. Raymond resides in San Francisco, California, and her law firm is located in San Francisco, which suggests regular employment in California and regular engagement in professional activities in California.

Accordingly, IT IS HEREBY ORDERED that within **SEVEN (7) days** of the date of service of this order, Christine Raymond SHALL SHOW CAUSE in writing why her *pro hac vice* application should not be denied for failure to comply with Local Rule 180(b)(2).

IT IS SO ORDERED.

Dated:    **December 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge